UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK D. STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1724 c/w 04-2289 and 04-2290-LMA-SS** |
| **LINDA S. McMAHON, ACTING COMMISSIONER OF SOCIAL SECURITY** | |

**REPORT AND RECOMMENDATION**

Plaintiff, Frank Stewart ("Stewart"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the alleged final decisions of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims. This matter was referred to the undersigned. Rec. doc. 49.

**BACKGROUND**

Stewart was found disabled and eligible for disability insurance benefits and supplemental security income benefits since January 1986. R. 12. On September 20, 1995 he was confined to prison on pending charges for which he was convicted on January 16, 1998. R. 12. His confinement ended on March 19, 2002. R. 12 and 15. On April 13, 2002, the Social Security Administration ("SSA") reported that there had been an overpayment to Stewart of benefits of $1,153.80. R. 70. On March 13, 2003, the ALJ issued an opinion finding there was an overpayment and recovery was not waived. R. 9-14. The Appeals Council found that the ALJ improperly determined that Stewart was overpaid. R. 6-7.

In CA 04-2290, Stewart alleged that benefits were due to him for seven months, June through December, 1997.  Each payment was for $555 for a total of $3,885.00.  He alleged he did not receive the seven checks in payment of the benefits due him and he did not present the checks for payment.  He moved for summary judgment on this issue and the Commissioner failed to oppose it.  Rec. doc. 29 at p. 5.  In a May 5, 2005 report and recommendation, the undersigned found that there was no evidence supporting the Commissioner's position that the seven checks were presented for payment, while Stewart presented evidence that they were not cashed.  The undersigned determined that Stewart was entitled to $3,885.00, less the $1,153.80 overpayment for a net amount of $2,731.20.  Id. at pp. 10-11.  It was recommended that Stewart's motion for summary judgment in 04-2290 be granted in part and denied in part and that Stewart be awarded the sum of $2,731.20 with interest from the date of entry of judgment and with each party to bear his/its own costs.  Id. at p. 11.

The Commissioner did not object to the report and recommendation, but Stewart did.  Rec. doc. 30.  The District Judge accepted the recommendation and entered judgment in 04-1724, 04-2289 and 04-2290.  Rec. doc. 32.  The Commissioner did not appeal the judgment, but Stewart did.  On August 21, 2006, the United States Court of Appeals affirmed in part and reversed in part and remanded No. 04-2290 for further proceedings in accord with its opinion.  Rec. doc. 47.  The decision states:

> Stewart next contends that the district court erroneously offset the judgment against the Commissioner (for $3,885.00) by $1,153.80, which is the amount of an alleged overpayment Stewart received.  Stewart argues that the issue of an offset was not pled or raised by the Commissioner in the district court.  Nor does either party or the district court direct our attention to a valid administrative finding of an overpayment.  The district court relied on the ALJ's finding that an overpayment had been made, but the Appeals Council vacated this finding in part because a motion for reconsideration was pending before the Commissioner on the issue.  Accordingly, we remand this case to the district court to ascertain whether there was or is now a proper administrative finding of an overpayment and if so, to resolve the issue of an

overpayment.

Rec. doc. 47 at p. 3. No issue remains on the determination that Stewart is entitled to the $3,885. The only remaining questions are whether there was a proper administrative finding of an overpayment and if so, to resolve the overpayment issue. In short, if the undersigned had not stepped into the overpayment issue, CA 04-2290 would be at an end.

Stewart contends there was no overpayment. The Commissioner was ordered to file a cross-motion for summary judgment on the overpayment issue and respond to all issues raised by the Fifth Circuit's remand. Stewart was granted leave to file a reply. Rec. doc. 50. The Commissioner and Stewart complied with this order. Rec. docs. 59 and 60.

## **COMMISSIONER'S POSITION ON OVERPAYMENT**

The Commissioner reports that: (1) on April 13 and 17, 2002, SSA reported to Stewart that an overpayment existed in his Title II account in the amount of $1,153.80, for representing two checks cashed by him that were issued after his conviction; (2) Stewart made a November 2004 request for reconsideration, but, through an oversight, SSA did not act on it; and (3) since the remand, SSA acted on the November 2004 request and found that there was an overpayment in the amount of $325.60. In order to determine the amount of the overpayment it examined all of the payments that it contends Stewart received from June 1988 through December 2006 and compared them to the amount owed for that period. Rec. doc. 59, exhibit 1. It issued a notice of reconsideration, dated February 3, 2007, reporting the overpayment. It notified Stewart that payment was due within thirty days and if payment was not received, it would be withheld from the payment due him on April 3, 2007. In the notice, SSA notified Steward that if he believed that the reconsideration determination was incorrect, he could request a hearing before an ALJ. Rec. doc.

59, exhibit 1.  The Commissioner requests that its motion for summary judgment be granted on Stewart's claim in CA 04-2290.

## STEWART'S POSITION ON OVERPAYMENT

Stewart contends that the Commissioner's filing should not be considered because it was not signed and urges that the February 3, 2007 notice of reconsideration is improper and incorrect.  He has no recollection of the November 2004 request for reconsideration that the Commissioner contends SSA did not act upon.  He produced the first page of a March 24, 2004 SSA notice of change of benefits in which it found that Stewart was not overpaid but underpaid.  At that time the overpayment was deleted from his record.  Rec. doc. 60-2 at p. 5.

## ANALYSIS

The Fifth Circuit remanded No. 04-2290 to ascertain whether there was a proper administrative finding of an overpayment.  The Commissioner concedes that there was not.  The Fifth Circuit also remanded No. 04-2290 to ascertain whether there is now a proper administrative finding of an overpayment.  Since the remand, SSA has issued the notice of reconsideration, dated February 3, 2007, reporting an overpayment of $325.60.  This was based on its review of the payments received by Stewart from June, 1988 through December 2006 versus what was owed Stewart for the same period.  Stewart disputes the determination of the overpayment.

Because Stewart has not exhausted his administrative remedies and there is no final decision by the Commissioner on the overpayment issue, that issue is not before the Court.  The dispute between Stewart and SSA over its determination of a $325.60 overpayment cannot be resolved at this time.  It will be recommended that Stewart be awarded the sum of $3,885.00 without any reduction for an overpayment.  Stewart may pursue his administrative remedies to challenge SSA's

determination of an overpayment of $325.60.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Stewart's motion for summary judgment (Rec. doc. 25) on CA 04-2290 be GRANTED and that he be awarded the sum of $3,885.00.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of April, 2007.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**